a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SEVON L. MOORE, Petitioner | CIVIL ACTION NO. 5:19-CV-598-SEC. P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Sevon L. Moore ("Moore") (#636282). Moore is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Moore challenges his conviction and sentence imposed in the 2nd Judicial District Court, Bienville Parish.

Because Moore's Petition (Doc. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

On January 25, 2016, Moore was sentenced to 15 years of imprisonment after pleading guilty to armed robbery. (Doc. 1-2, p. 1). Moore did not appeal the conviction or sentence. (Doc. 1, p. 2). Moore filed an application for post-conviction relief on September 7, 2017, which was denied. (Doc. 1, p. 3). Moore's writ applications were denied by the Louisiana Second Circuit Court of Appeal and the Louisiana Supreme Court. State v. Moore, 2018-0484 (La. 3/6/19); 264 So.3d 1200.

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Because there was no appeal, Moore's conviction and sentence became final for AEDPA purposes on February 24, 2016, upon the expiration of time for seeking review in the appellate court. 28 U.S.C. § 2254(d)(1); La. C. Cr. P. art. 914. Moore had one year from that date within which to file a § 2254 petition. Moore's Petition was not filed until May 8, 2019. (Doc. 1).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)). Although Moore filed a timely application for post-conviction relief under Louisiana law on September 7, 2017, the application was filed

2

after the one-year limitations period of the AEDPA had expired.[1]  Therefore, Moore is not entitled to statutory tolling.

The AEDPA's statute of limitations is subject to equitable tolling.  See Holland v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted), abrogated on other grounds by Richards v. Thaler, 710 F.3d 573, 578–79 (5th Cir. 2013).  A petitioner bears the burden of proof to invoke equitable tolling.  See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Moore does not argue that he is entitled to equitable tolling, and nothing submitted with his Petition supports the application of equitable tolling.

---

[1] Under Louisiana Code of Criminal Procedure article 930.8, a petitioner has two years from the finality of the judgment of conviction within which to file an application for post-conviction relief. La. C. Cr. P. art. 930.8.  However, under the AEDPA, a § 2254 habeas petition must be filed within one year of the finality of the judgment of conviction.

3

### III. Conclusion

Because Moore's § 2254 Petition is untimely, and he is not entitled to tolling, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and

Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of June, 2019.

                                                  Joseph H.L. Perez-Montes
                                                United States Magistrate Judge